[Civ. No. 698. First Appellate District.—November 22, 1909.]

## CHARLES J. GAVIN, Appellant, v. JOHN SULLIVAN PHILLIPS et al., Respondents.

EJECTMENT — FINDINGS FOR DEFENDANTS — CONCLUSIVENESS — REVIEW UPON APPEAL—SUPPORT OF JUDGMENT.—In an action of ejectment where the findings are for the defendants, and an appeal is taken from the judgment upon the judgment-roll, without a bill of exceptions, the findings must be held conclusive, and no question of fact can be reviewed; and the only question to be determined relates to the sufficiency of the findings to support the judgment.

ID.—FINDINGS ESTABLISHING ESTOPPELS BY JUDGMENTS AND DEEDS.— Where the findings show that notwithstanding a homestead declared by a widower on his separate property as head of a family, then consisting of himself and three sons, he afterward married, and his wife was divorced in a contested suit in which her allowance against him was declared a lien upon such property, with right to sell the same in case of nonpayment, and title was obtained under such sale, without appeal from the judgment, after which the divorced wife recovered judgment for the value of the use and occupation, after such title was obtained, which judgment was never appealed from, and under which all title of the husband and sons was procured under execution sale against them, a surviving son claiming

for himself, and as sole heir of his deceased brothers and father, suing in ejectment against a distributee of the estate of the divorced wife, after her death, is bound by the estoppel of said judgments, and by the titles obtained thereunder.

ID.—BAR OF ACTION AGAINST DISTRIBUTEE.—Where the findings also show that the distributee of the titles so obtained took possession of the property distributed, and held the same under exclusive claim of right adversely to the whole world more than five years before the action of ejectment was commenced, and had during all of said period paid all taxes assessed against the property, and that he was the owner and seised in fee of the property, they establish that the action is barred by sections 318 and 323 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Louis Hirsch, and T. M. O'Connor, for Appellant.

Platt & Bayne, for Respondents.

COOPER, P. J.—This was an action in ejectment to recover the possession of the premises described in the complaint.   The defendants had judgment, and this appeal is from the judgment on the judgment-roll without a bill of exceptions.   The only question before us is as to whether or not the judgment is supported by the findings.   We are not at liberty to investigate any question of fact, and must regard the findings as conclusive.

It appears from the findings that in December, 1875, one Patrick Gavin, a widower, whose family consisted of himself and three sons, including the plaintiff, was the owner as his separate property of the premises described, and at that time he duly executed and recorded a declaration of homestead upon said premises for the benefit of himself and family. Subsequently to the filing of the declaration of homestead the said Patrick Gavin again married; but afterward, to wit, in April, 1889, a decree of divorce was granted to his second wife, Mary Jane Gavin.   In the said action for divorce the said Patrick Gavin appeared and contested the same, with the result that the decree of divorce was granted to the plaintiff therein against Patrick Gavin, and by the decree a judgment

was given in favor of the plaintiff in said action for the sum of $2,600, which was, by the terms of said decree, made a lien upon the property described in the complaint, and the court directed that unless the said sum of $2,600 was paid within ninety days of the entry of the judgment the said property should be sold, and the proceeds applied to the payment and satisfaction of said lien. From this judgment no appeal was taken and it became final. The $2,600 was not paid, and such proceedings were had that in September, 1892, the said property was sold by the sheriff under said judgment, and a deed was duly executed and delivered to the said Mary Jane Gavin conveying the property to her in satisfaction of said lien.

After this decree said Mary Jane Gavin married one. Holmes, and in April, 1893, she began an action in the superior court of the county of San Francisco against the said Patrick Gavin and his sons who were then living, to wit, this plaintiff, Charles J. Gavin, and James Gavin, the other brother, to recover the sum of $300 as rent for the use and occupation of the said premises during the time the defendants in said last-named action had occupied the same since they had become the property of plaintiff in said action by reason of said sale. The result of said last-named action was that plaintiff recovered judgment for the sum of $300 against the Gavins therein named, including this plaintiff, and under and by virtue of said judgment a writ of execution and order of sale were issued, which were duly levied upon the said premises. The sheriff levied upon the premises, and under and by virtue of said execution and order of sale he afterward sold the same to the plaintiff in said action, Mary J. Holmes, and a certificate of sale was issued to her, followed in due time by a sheriff's deed. No appeal was taken in the said action by this plaintiff from the judgment so made in favor of Mary J. Holmes, and none of the parties to the said action appealed. The judgment therefore became final. Afterward the said Mary J. Holmes died, leaving a last will and testament, which was duly admitted to probate. Subsequently, in the Matter of the Estate of said Mary J. Holmes, a decree of distribution was duly given and made, distributing the said property described in this action to the defendant herein, John S. Phillips, under the terms of the will of said Mary J. Holmes. The said Phillips immediately went into

the possession of said property, and the court expressly finds: "That said defendant John S. Phillips, since the said 5th day of October, 1897, and said decree of distribution above mentioned, has been in possession of and occupied said property openly, notoriously, continuously and adversely to plaintiff and to all the world. That during all of said times said property has been protected by a substantial enclosure. Said defendant John S. Phillips has paid all taxes, state, county and municipal, which have been levied or assessed upon said property since the said 5th day of October in the year 1897." The court further states in its conclusions of law, in pursuance of the last finding herein quoted, that the action is barred by the provisions of sections 318 and 323 of the Code of Civil Procedure; and further finds that the said defendant "ever since has been and now is the owner of, seized in fee and in possession of said property."

At the time this action was commenced the said Patrick Gavin and his sons other than this plaintiff had died, and plaintiff was the only surviving son and heir of the said Patrick Gavin.

It therefore appears from the findings of fact that the plaintiff is estopped by virtue of the said judgments referred to in said findings as herein stated, and further that the action is barred by the statute of limitations.

The judgment is therefore affirmed.

Kerrigan, J., and Hall, J., concurred.